HERMAN KRAUSE, Appellant, v. AUGUST REDMAN, Appellee.

**Issues of fact:** QUESTIONS FOR THE JURY. It is for the jury to determine fact issues and when its finding is fairly supported by the evidence the verdict will not be disturbed.

**Depositions:** OBJECTIONS: REVIEW. A general objection to the offer of a deposition, that the necessary foundation for its introduction has not been laid, is insufficient to support the specific objection on appeal, that the certificate of the Notary and endorsement of the Clerk were not offered upon the trial; counsel should have pointed out this objection to the court below.

**Instructions:** WHEN NOT REQUIRED TO BE IN WRITING. The court is not required to reduce to writing all the admonitions which it may be proper to give the jury during the progress of the trial, respecting the consideration of evidence.

**Apportionment of costs.** Where the main issue in a cause concerning which the principal costs are incurred is determined in favor of one party and a minor claim is either undisputed or admitted in favor of the other, but is not allowed by the jury, an offer to permit judgment for the minor item to avoid a new trial, with costs incident thereto, authorizes an equitable apportionment of the costs rather than a taxation of the entire amount to either party.

*Appeal from Clay District Court.*— Hon. A. D. Bailie, Judge.

Tuesday, June 4, 1907.

The opinion states the case.— *Affirmed.*

*Buck & Kirkpatrick,* for appellant.

*G. H. Martin* and *F. F. Faville,* for appellee.

Weaver, C. J.— In September, 1901, the defendant was a resident of Illinois and the plaintiff, his son-in-law, resided in Clay county, Iowa. About the date named defendant visited the plaintiff in Clay county, and while there decided to purchase an eighty-acre farm if a suitable one could be found. After some investigation the plaintiff and defendant entered into a joint contract to purchase two eighty-acre tracts from one Bunce at the agreed price of $53 per acre. By an agreement between themselves the defendant was to take in severalty the north eighty acres and the plaintiff the south eighty acres, and at their request Bunce made to them separate deeds of conveyance accordingly. Defendant did not have on hand the money with which to complete the purchase on his part, but thereafter sent or paid over to plaintiff a sum equal to one-half the purchase price of the one hundred and sixty acres, and plaintiff closed the deal with Bunce. The plaintiff claims, however, that an oral agreement existed between himself and defendant, whereby the latter, in consideration of obtaining the north

eighty, was to pay $5,000 of the purchase money due to Bunce; and, as he has fully settled with the latter, plaintiff brings this action, demanding the recovery of the alleged unpaid remainder from the defendant. In other counts of his petition plaintiff seeks further recovery for oats and hay alleged to have been furnished the defendant, for a cow and calf and pigs sold to the defendant, for moneys advanced, and for rent of leased land. By his answer defendant admitted the joint purchase of the Bunce land and the agreement between himself and plaintiff that each should take an eighty-acre tract in severalty, but denies that he ever promised or agreed to pay for his portion any more than the price named in the contract with Bunce. As to the other claims asserted by the plaintiff, defendant denies them in part, and as to others alleges full payment. Upon the trial of these issues to a jury there was a general verdict for defendant, and plaintiff appeals.

I. The issues of fact here presented are sustained on either side by a large array of witnesses. We shall not attempt to review the evidence. So far as the merits of the controversy are concerned, it is sufficient to say there is no such decided or overwhelming preponderance in either direction as would authorize the court to interfere with the finding of a jury thereon. Plaintiff's claim is not without considerable support by corroborating witnesses and admitted circumstances; but, on the other hand, the defendant's denials are positive, and he also is sustained by much corroborating testimony. It was for the jury to determine the truth of the dispute, and the verdict must be accepted as final, unless some fatal error was committed by the court in the conduct of the trial.

1. ISSUES OF FACT: questions for the jury.

II. Of the numerous errors assigned but few are argued by counsel. Of these we may mention the following: The deposition of Bunce, the seller of the land, was taken upon a stipulation of counsel, and both parties appeared

and took part in his examination. The deposition was duly
certified and filed in the office of the clerk.
No objections to the deposition or motion
to suppress the same in whole or in part
was filed by either party, and it was offered and admitted in
evidence on behalf of the defendant. Its admission in
evidence is now said to have been erroneous "because the
certificate of the notary should have been produced, offered,
and read in evidence, and the indorsement of the clerk upon
the deposition should have been produced, offered, and read
in evidence." We are wholly unable to appreciate the force
of this contention. The only objection made to the deposi-
tion when offered was as follows: "The plaintiff makes
the formal objection that no foundation has yet been laid
for the introduction of the evidence." Thereupon the de-
fendant's counsel read in evidence the stipulation upon
which the deposition had been taken, and repeated his offer
in evidence of the deposition taken pursuant thereto, and
stated the name of the notary, the date when taken, and
when filed in the cause. To this offer it was again ob-
jected that defendant had laid "no legal, sufficient, neces-
sary, and competent foundation" therefor. The objection
thus raised is a mere generality. It directs the attention
of the court to no alleged defect in the deposition or in its
certification. If counsel believed that any defect existed,
or had in mind any reason why the deposition should not
have been admitted, it was easy to disclose it; and, failing
so to do, they are not in position to urge an exception to
the ruling of the court in refusing to entertain it.

III. It is also said that the tenth paragraph of the
charge of the court is incomplete, obscure, and misleading.
This paragraph contains the oft-repeated instruction con-
cerning testimony of alleged admissions by parties to the
suit bearing upon the truth of the matters in controversy.
We find nothing in it to justify the criticism of counsel.
It states the rule in substantially the same form in which it

*2. DEPOSITIONS: objections: review.*

has often been approved by this and other courts. *Martin v. Algona,* 40 Iowa, 390; *Cooper v. Skeel,* 14 Iowa, 578; *Wilmer v. Farris,* 40 Iowa, 309; *Wallace v. Berger,* 14 Iowa, 183.

In the course of the trial the court, having ruled out or stricken certain testimony, orally admonished the jurors that such evidence must be given no consideration by them.

3. INSTRUCTIONS: when not required to be in writing.

This it is said was violation of the statute requiring instructions to juries to be given in writing. The objection is without merit. The statute has never been construed to require the court to reduce to writing all the admonitions which it may be proper to give a jury while a trial is in progress. Such a requirement would be absurd in conception and burdensome in practice. *State v. Bigelow,* 101 Iowa, 430.

IV. It appears that an item of $6.83 for oats for which plaintiff sought recovery from defendant was either admitted or was proven without dispute on the trial. To

4. APPORTIONMENT OF COSTS.

avoid a new trial for the failure to allow this item defendant consented to have judgment go against him for the amount thereof, with an equitable apportionment of costs. Upon this consent the court did enter judgment in plaintiff's favor with costs to the amount of $10. It is objected that defendant should have been taxed with all the costs. The point is not well taken. The contest between the parties centered almost wholly about the plaintiff's claim growing out of the land transaction. It was on this and on other items in no manner related to the seventeen and one-half bushels of oats that practically all of the costs were made; and to charge defendant with the costs made on these issues found in his favor simply because plaintiff was concededly entitled to recover this small claim would be grossly unjust. That it is proper to apportion the costs in such cases has long been settled by statute and universally practiced in the courts of this State. Of other objections, suggested but not argued, based on al-

leged error in allowing leading questions to witnesses, we have to say after examining the record that no error is shown. The rules of law in this regard are too elementary to justify using the time or space required for their restatement or the citation of authorities.

It appears that the case was twice tried in the court below, with the result in each instance that the jury found the plaintiff not entitled to recover. The evidence is ample to sustain the verdict, the parties had a fair trial, and it is time for this litigation to cease.

The judgment of the district court is therefore *affirmed.*