FERN LENORE HENSEN, Appellant, v. ELMER L. HENSEN, Appellee.

No. 40713.

SEPTEMBER 29, 1931.

Thomas & Loth, for appellant.

D. M. Kelleher and Wilson & Harris, for appellee.

STEVENS, J.—The ultimate and decisive question presented on this appeal arises out of an application by Elmer L. Hensen for the modification of a decree of divorce rendered on September 30, 1924, as to the custody of a minor child of the parties. The petition is entitled as in the original divorce.

For convenience, the husband will be referred to herein as the petitioner and the wife as the appellant.

The divorce was awarded to the husband on his cross-petition without alimony or support to the wife. The court found that, notwithstanding a divorce should be granted to the husband upon his cross-petition for the fault of the wife, because of the tender age of the child, she would be permitted to retain its custody.

On August 18, 1930, a petition for the modification of the decree, which recites that the best interests of the child will be conserved by transferring the custody thereof to petitioner, was filed as stated in the original action. Issue was joined by appellant upon the allegations of the petition. Appellant also filed an application for the allowance of suit money and attorney fees which she alleges are necessary to enable her to make proper defense to the petition. The court overruled appellant's motion. The court found specifically that, under the prior decisions of this court, no allowance could be made. The appeal is from this ruling.

 It is well settled in this and other jurisdictions that neither a court of law nor of equity has inherent power to tax costs to the losing party in any action. Costs are allowed in this state in favor of the successful, against the losing, party by section 11622, Code of 1927. It is also provided by statute that costs may be apportioned by the court in proper cases. Therefore, unless authorized by statute to do so, the district court was without power to grant the motion of appellant. Johnson v. Ruth, 144 Iowa 693; Lane-Moore Lumber Co. v. Bradford, 148 Iowa 578; Krause v. Redman, 134 Iowa 629; State Line Democrat v. Independent, 161 Iowa 566; Kelley v. C. B. & Q. R. Co., 154 Iowa 87; Jones v. School Board, 140 Iowa 179; Beames on Costs in Equity, Chapter I; Struthers v. Christal, 3 Daly's Reports (N. Y.); 327; Studwell v. Cooke, 38 Conn. 549.

Attorney fees when authorized by statute, with few exceptions, are taxed as costs in the action in this state. This is too well settled to require reference to the numerous sections of the Code relating thereto. Section 10478 of the Code of 1927, is as follows:

"The court may order either party to pay the clerk a sum

of money for the separate support and maintenance of the adverse party and the children, and to enable such party to prosecute or defend the action.''

This section will be found in Chapter 471 of the Code, which is entitled ''Divorce and Annulment of Marriages.''

It is clear that this statute does not, in terms, authorize the allowance of suit money and attorney fees in favor of the adverse party where the issues joined are upon an application for the modification of a divorce decree as to alimony. The action referred to in the above statute is an action for divorce or the annulment of a marriage. The purpose of the statute is stated in plain language. It is to enable the adverse party to prosecute or defend the issues tendered in such action. It covers actions for divorce, separate maintenance of the adverse party and minor children. As already appears, the decree in the action which was commenced by appellant against her husband for a divorce was entered approximately six years prior to the filing of the petition for the modification thereof. All of the rights of the husband and the wife as against each other were adjudicated in the original action. Appellant has no further claim upon petitioner for support maintenance or for any other purpose than that granted to her in such original decree. It is true, as held in Franklin v. Bonner, 201 Iowa 516, that for some purposes further proceedings in the original action will be deemed a continuance thereof, but, so far as any right or claim appellant may have had as parent or former wife of the petitioner is concerned, it terminated with the final entry of the divorce decree. Unless, therefore, authority is conferred by statute upon the court to award suit money and attorney fees in an application by one of the parties to secure a modification of a decree as to the subsequent custody of a minor child, none may be allowed. It would seem clear from the language of Section 10478 that the authority to grant suit money and an allowance for attorney fees is limited by and confined to the principal action for a divorce or for the annulment of a marriage. Cases holding otherwise are cited in the brief of appellant. Spratt v. Spratt, 187 N. W. (Minn.) 227; Kelley v. Kelley, 147 N. E. (Ill.) 659; Smith v. Smith, 132 S. W. (Mo.) 312; Chambers v. Chambers, 106 N. W. (Neb.) 993. The decision in each of the foregoing cases, with perhaps one excep-

tion, appears to have been rested upon statutes somewhat different from our own.

Appellant relies to some extent on Dunham v. Dunham, 189 Iowa, 802; Burghardt v. Burghardt, 209 Iowa 1171. Neither of these cases is in point. The allowance of attorney fees in the Dunham case was not based upon the statute in question but they were allowed for services rendered to, or for, the benefit of the minors whose rights were involved in the action. The Burghardt case decided nothing helpful to either party in the present controversy.

Barish v. Barish, 190 Iowa 493, involved an application for the modification of a decree in a divorce action as to alimony. This court held that Section 10478 does not authorize the court to grant such modification. The Barish case was followed in Nicolls v. Nicolls, 211 Iowa 1193, which involved a similar controversy. The exact question here presented has not previously been passed upon by this court. That is to say, the court has not been previously called upon to determine the right of the adverse party to an allowance for attorney fees and suit money where the sole question involved is the modification of a divorce decree as to the custody of a minor child. In so far as the questions presented involved the necessary interpretation of the statute, they are, of course, in point but not necessarily decisive of the whole question. To the extent that one of the parties seeks an allowance from the other of funds with which to enable such party to defend some claim arising out of his or her relationship as parent or as the former husband or the wife, the cited cases are decisive and controlling.

Although the issues presented on the petition for a modification of the decree are joined by the parties to the original action for a divorce, the ultimate question for decision is the best interests of the child. This does not mean that the rights, relationship and affections of the parents will be wholly disregarded or ignored, but it does mean that in the final analysis the finding and judgment of the court will primarily be directed to the best interests and ultimate welfare of the child. Section 10478 can have no application, it seems to us, to this proceeding. It is not an action for divorce and no issue based upon grounds created by statute therefor is directly or indirectly involved. The duties and liabilities of the parent to a minor child

do not terminate by a decree of divorce. Such duties and responsibilities continue and are the same after the decree as before. It is the duty of each of the parents to provide necessaries, maintenance and support for a minor child. Boozel v. Boozel, 193 Iowa 78; Dawson v. Dawson, 12 Iowa 512; DeBrot v. Marion County, 164 Iowa 208; Spain v. Spain, 177 Iowa 249; Foote v. DePoy, 126 Iowa 366.

The motion for attorney fees and suit money in this case is obviously based upon the statute and was, therefore, we think, properly denied. It follows that the judgment appealed from must be, and is, affirmed.

DE GRAFF, ALBERT, WAGNER, MORLING, and GRIMM, JJ., concur.