Thomas O. MADAY, Appellant,

v.

ELVIEW–STEWART SYSTEMS CO., Appellee.

No. 67056.

Supreme Court of Iowa.

Sept. 29, 1982.

Jon T. Griffin of Seery, Hearn & Dollar, Des Moines, for appellant.

James R. Bowers of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, LARSON and SCHULTZ, JJ.

SCHULTZ, Justice.

In this appeal plaintiff seeks to establish his right to attorney fees incurred in his successful suit against a former employer for unpaid wages. The trial court refused his request; we hold, however, that plaintiff was entitled to reasonable attorney fees pursuant to Iowa Code § 91A.8 (1981). We reverse and remand for a determination of such fees.

Thomas O. Maday was employed by Elview-Stewart Systems Co. (Elview) as a sales representative on a salary and commission agreement from February 1978 until he was discharged by Elview in September 1979. After the discharge Maday claimed that he was entitled to unpaid commissions while Elview argued that it had overpaid Maday and was entitled to a return of the overpayment.

Maday filed an action against Elview, and it filed a counterclaim. Although Maday's petition was in three divisions, only portions of divisions I and III are relevant to this appeal. In division I, which was based on contract, Maday sought damages for $11,952 of unpaid commissions. Division III, as amended, was grounded on the Iowa Wage Payment Act which provides remedies for employees to secure payment of wages and expenses. Iowa Code ch. 91A (1981). The prayer for relief in division III sought recovery for the same unpaid commissions sought in division I "plus additional liquidated damages, court costs and attorney's fees to be determined by the court pursuant to Iowa Code ch. 91A."

The action came to trial and after Maday presented his evidence Elview moved for a directed verdict on division III. The court granted Elview's motion. Following the presentation of all the evidence Maday's claim in division I and Elview's counterclaim were submitted to the jury. The jury returned a verdict for Maday in the sum of $2,710, an amount both parties concede represented earned but unpaid commissions owed to Maday. The jury denied both Maday's other claims and Elview's counterclaim.

Maday's sole issue on this appeal concerns his claim for attorney fees grounded on section 91A.8. Maday argues that the trial court erred when it directed a verdict on division III thereby precluding consideration of the claim. He further contends the trial court erred in denying his posttrial motions which asked the court to fix attorney fees, requested a new trial, and demanded judgment notwithstanding the verdict.

■ Elview now concedes that the grounds it urged in its motion for a directed verdict on division III were invalid. In its oral motion for a directed verdict Elview urged that chapter 91A was enforceable only by the labor commissioner, and that Maday's suit was not valid because Maday had not exhausted his administrative remedies prior to filing his cause of action. The court accepted Elview's argument and sustained the motion. In his posttrial motions, Maday specifically called the trial court's attention to section 91A.10(3) which allows an employee the option to bring a wage act claim in district court without the labor commissioner and outside the scope of the administrative procedure that is provided in chapter 91A. Elview admits that it misled the trial court concerning chapter 91A.

Despite its concession, Elview claims that Maday still may not claim attorney fees under section 91A.8 because: (1) neither the statute nor the case law has established the necessary rules of the evidence and the procedure of establishing attorney fees, and there was no evidence of reasonable attorney fees produced and presented to either the jury or the court; and (2) the plaintiff did not preserve error.

■ I. *Procedure for establishing attorney fees.* We have not previously examined the portions of section 91A.8 that provide for the allowance of attorney fees. Section 91A.8 reads as follows:

> When it has been shown that an employer has intentionally failed to pay an employee wages or reimburse expenses pursuant to section 91A.3, whether as the result of a wage dispute or otherwise, the employer shall be liable to the employee

for any wages or expenses that are so intentionally failed to be paid or reimbursed, plus liquidated damages, court costs and any attorney's fees incurred in recovering the unpaid wages and determined to have been usual and necessary. In other instances the employer shall be liable only for unpaid wages or expenses, court costs and usual and necessary attorney's fees incurred in recovering the unpaid wages or expenses.

Thus, if an employer is held liable to an employee for unpaid wages or expenses, the employer is also liable for the usual and necessary fees of the employee's attorney. The employer bears this liability whether the failure to pay was intentional or otherwise. Elview correctly notes, however, that by its silence the statute raises additional questions: (1) When a jury is the trier of fact, should the judge or the jury determine the amount of the usual and necessary attorney fees? (2) What evidence is required and at what procedural point in the case should the evidence, if any is required, be introduced?

A. *The court should determine attorney fees.* Attorney fees are not ordinarily allowable in favor of a successful party unless authorized by statute or agreement. *Addy v. Addy,* 240 Iowa 255, 266, 36 N.W.2d 352, 359 (1949). They are not considered an element of damages nor are they taxable as costs at common law, unless specifically authorized by statute. *Turner v. Zip Motors, Inc.,* 245 Iowa 1091, 1100, 65 N.W.2d 427, 431 (1954).

■ Section 91A.8 provides liability for attorney fees, but does not state explicitly whether they are to be determined as an element of damages by the fact-finder or taxed as costs by the trial court. Nonetheless, we interpret section 91A.8 to place the responsibility for determining the appropriate attorney fees upon the trial court. This rule is the better one and is in accord with the intent of the legislature.

Not all authorities agree that attorney fees allowed by statute are to be assessed by the court as costs. Indeed, some authorities recognize such fees as an element of damages. *See* 20 C.J.S. *Cost* § 218 (1940) ("It has been held that attorney fees even when allowable under statutory authority, may not be a part of the costs, as where the statute deals with them as a separate matter of recovery and does not specifically make them a part of the costs; but according to other authorities, they are to be awarded as part of the costs, and not separate and distinct therefrom."). When considered as damages, the amount of fees is determined by a jury, if a party so requests. 25 C.J.S. *Damages* § 50(b) (1966) (expenses of litigation or attorney fees may be allowed as damages where statutory provision is made therefor and determination of attorney fees is a matter for the jury); *Dyche Real Estate Fund v. Graves,* 55 Ohio App.2d 153, 155, 380 N.E.2d 767, 769 (1978) (the award of attorney fees under a landlord-tenant act is in effect a part of the damage awarded to the tenant for proving the landlord's proscribed act and is to be submitted to the jury); *Parks v. Parks,* 89 Ga.App. 725, 732, 80 S.E.2d 837, 842 (1954) (expense of litigation is solely a matter for the jury to determine from the evidence under a statute that prohibits stubborn litigiousness).

When a statute provides for attorney fees but is silent as to their ascertainment, we find the better rule to be that "[w]here attorneys' fees are allowed to the successful party, they are in the nature of costs and are taxable and treated as such." 20 Am. Jur.2d *Cost* § 72 (1965). When faced with a request for the allowance of attorney fees in a modification of a divorce decree, we recognized this rule and stated "attorney fees when authorized by statute, with few exceptions, are taxed as costs in the action in this state. This is too well settled to require reference to the numerous sections of the code relating thereto." *Hensen v. Hensen,* 212 Iowa 1226, 1227, 238 N.W. 83, 84 (1931). In the absence of a statute indicating other intent, we stand by our pronouncement in *Hensen.*

We believe that the legislature intended to follow the general rule set forth in *Hensen* in enacting section 91A.8. The legisla-

ture's purpose in allowing attorney fees to the employee under section 91A.8 is to reimburse that employee for the expense he incurred in suing for his back wages. Since court costs are "statutory allowances to a party to an action for his expenses incurred in the action," 20 Am.Jur.2d *Cost* 1 (1965), it appears that attorney fees are more in the nature of court costs.

We also find evidence within the language of section 91A.8 to support our finding of legislative intent. The section provides that if the employer intentionally fails to pay wages or reimburse expenses the employee is entitled to such "wages or expenses . . ., plus liquidated damages, court costs and any attorney's fees incurred . . . . In other instances the employer shall be liable only for unpaid wages or expenses, court costs and usual and necessary attorney's fees incurred . . . ." In both instances the section progresses from actual damages to liquidated damages, if allowed, to court costs to attorney fees. If the legislature had intended that the attorney fees were to be determined as damages, it would have logically grouped them with the other damages, rather than with the costs. Because the legislature used this sequence we infer that it intended for attorney fees to be determined as are the costs of the action.

There are additional reasons why we conclude the legislature intended that the determination of attorney fees be left to the trial court. A judge is presumed to be an expert on what are reasonable attorney fees, *Nelson v. Iowa State Highway Commission,* 253 Iowa 1248, 1256, 115 N.W.2d 695, 699 (1962). A jury would lack that expertise, and more extensive evidence would have to be presented to the jury than would be required when the fees were determined by the court. Moreover, many trials would be bifurcated on the issue of attorney fees so that the evidence of an attorney's preparation would not prejudice the jury on the issue of liability. These reasons indicate that a jury trial to determine attorney fees would be more burdensome and more expensive than if the same determination was made by the court. In statutory construction we attempt to give a sensible and logical construction to the legislation so that we might avoid an impractical result. *Iowa Beef Processors, Inc. v. Miller,* 312 N.W.2d 530, 532 (1981). We conclude that an interpretation of the statute that allows the court to determine and tax attorney fees is sensible and logical.

For the foregoing reasons, we hold that under section 91A.8 the determination of attorney fees is a matter for the court.

■ B. *Procedure to determine attorney fees.* If an employee prevails in a trial by jury of a suit he brought under section 91A.8 and he has requested attorney fees, then the trial court must assess those fees. The assessment of fees, like the assessment of costs, can not be done until liability has been established. Unless the parties agree to the contrary, a hearing to determine the amount of fees would be required. We arrive at this conclusion despite our recognition that the trial court is an expert on attorney fees and could reach a decision without having additional evidence.

We find that language we used in interpreting an analogous provision of the Iowa Consumer Credit Code, Iowa Code § 537.-5201(8) (1981), is appropriate. In *First Northwestern National Bank v. Crouch,* 287 N.W.2d 151, 154 (Iowa 1980), we reasoned that "the statute contemplates litigation of the attorney fee issue in the adversary setting of the trial" and we held that "both parties should be given an opportunity for an evidentiary hearing on that issue." We hold that either party is entitled to an evidentiary hearing before the court on the issue of attorney fees. *See also Parrish v. Denato,* 262 N.W.2d 281, 285–86 (Iowa 1978).

C. *Procedural error.* Since section 91A.8 requires that if a hearing is requested the court is to determine the attorney fees in a separate hearing following the jury's decision on the issue of liability and damages, we conclude that the trial court erred in failing to sustain Maday's posttrial motion to assess attorney fees at an oral hearing.

The parties agree and we so find that the trial court incorrectly directed a verdict against Maday on division III. This error was unfortunate because division III had specifically asked for attorney fees pursuant to chapter 91A to be determined by the court. Maday's posttrial motion, which was filed the day after the jury decided the question of liability on division I of his petition, pointed out the mistake to the trial court and again asked for attorney fees.

The relief the jury gave Maday under division I was identical to the relief he sought in division III of his petition except that he did not ask for liquidated damages and attorney fees in division I. Since liquidated damages are no longer an issue, the verdict in division I is also appropriate under division III. All that is required is the determination of attorney fees. The trial court should have corrected its error simply by sustaining Maday's posttrial motion to assess attorney fees subject to a hearing. We remand to the trial court for a hearing on attorney fees, including those incurred for this appeal, and the assessment of those fees.

II. *Preservation of error.* Elview contends that no discussion of attorney fees is necessary because Maday failed to preserve error. We see no need to detail these contentions for they have been addressed and rejected by our determination that attorney fees are to be decided by the court and that the court, if so requested, should hear additional evidence on this issue.

The court's ruling on that part of the final order denying the assessment of attorney fees is reversed and remanded.

REVERSED AND REMANDED.