John E. ROUSE and Beth J.
Rouse, Appellees,

v.

IOWA DEPARTMENT OF
TRANSPORTATION,
Appellant,

National Bank & Trust Company; County of Lucas, Iowa; and Treasurer of Lucas County, Iowa, Defendants.

No. 86–1138.

Supreme Court of Iowa.

July 22, 1987.

Thomas J. Miller, Atty. Gen., and David A. Ferree and Mark Hunacek, Asst. Attys. Gen., for appellant.

William L. Shelton and Richard L. Ambelang, Chariton, for appellees.

Considered by McGIVERIN, P.J., and SCHULTZ, CARTER, WOLLE, and NEUMAN, JJ.

CARTER, Justice.

The defendant, Iowa Department of Transportation, appeals from the district court's order awarding attorney fees to plaintiffs, John E. Rouse and Beth J. Rouse, condemnees in an eminent domain proceeding. The condemning authority contends that the district court had an inadequate record on which to base its attorney fee award. We agree with that contention, reverse the district court's order and remand the matter to that court for an evidentiary hearing on the condemnees' claim for attorney fees.

In early 1984, the condemnor initiated proceedings to condemn certain real estate owned by plaintiffs. On April 3, 1984, the Lucas County Compensation Commission determined that $1000 was just compensation for the taking of plaintiffs' property pursuant to Iowa Code section 472.14 (1983). Plaintiffs appealed that award to the district court, requesting $30,000 as just compensation for the taking. On May 30, 1986, following a two-day trial, the jury returned a verdict fixing plaintiffs' compensation for the taking at $4000.

On June 4, 1986, the plaintiffs filed an application for costs and attorney fees in which they requested that the trial court assess $10,198.50 in attorney fees and $1091.00 in expert witness fees. A statement submitted along with the application briefly described the professional services rendered. The application was verified by one of plaintiffs' attorneys and contained a recitation that the amount claimed for attorney fees was fair and reasonable for the services performed. Neither the verified application nor the attached statement indicates the amount of time spent on the appeal or the hourly rate involved. The statement only describes the nature of the legal services performed each month, followed by a total charge for that month.

The condemnor's resistance to plaintiffs' application asserted that the claim, as submitted, was inadequately documented and

excessive. The district court, without holding any hearing on the claim, entered an order fixing expert witness fees of $150 and awarding attorney fees of $7000. The amount allowed for expert witness fees is not involved on this appeal.

The condemnor contends that an evidentiary hearing was required for a proper determination of the attorney fee claim. It contends that plaintiffs should have been required to make an evidentiary showing as to the reasonableness of the amounts claimed. Plaintiffs respond by arguing that we have approved the determination of attorney fee claims in eminent domain cases solely on affidavit. Plaintiffs rely on *Nelson v. Iowa State Highway Commission*, 253 Iowa 1248, 115 N.W.2d 695 (1962), in support of that contention. Our review of the issues presented in the *Nelson* decision convinces us that the parties to that appeal accepted the record made in the district court in arguing the reasonableness of the attorney fee award.

 We have indicated in analogous situations that where a statute allows a successful litigant to recoup attorney fees, but is silent as to the procedure to be employed in the determination of such fees, an evidentiary hearing is required unless waived by the parties. *Maday v. Elview-Stewart Sys. Co.*, 324 N.W.2d 467 (Iowa 1982). In *Maday*, we stated:

> Unless the parties agree to the contrary, a hearing to determine the amount of fees would be required. We arrive at this conclusion despite our recognition that the trial court is an expert on attorney fees and could reach a decision without having additional evidence.

*Id.* at 470. Similarly, in *First Northwestern National Bank v. Crouch*, 287 N.W.2d 151, 154 (Iowa 1980), we reasoned that

> the statute contemplates litigation of the attorney fee issue in the adversary setting of the trial.... [B]oth parties should be given an opportunity for an evidentiary hearing on that issue....

It is impossible to determine the reasonableness of the attorney fee claim in the present case based only on the sketchy itemization accompanying the claim filed in the district court. While we recognize that the district court, as a result of having presided over the condemnation trial, was possessed of considerable knowledge concerning the nature of the legal services performed by plaintiffs' attorneys, we cannot approve the disposition of disputed claims in the summary manner utilized in the present case.

A better record is required not only for the benefit of the district court but also to permit an adequate basis for determination of the issues should an appeal ensue. An appeal will necessarily be decided by judges less familiar than the district court with the nature of the services performed at trial. The order of the district court is reversed and the matter remanded for an evidentiary hearing on plaintiffs' attorney fee claim.

REVERSED AND REMANDED.