**Lynn AYALA, Appellant,**

**v.**

**CENTER LINE, INC. and Hiram Walker, Appellees.**

**No. 86–1132.**

Supreme Court of Iowa.

Nov. 25, 1987.

Victoria L. Herring, Des Moines, for appellant.

James W. McCarthy and John W. Gailey of Gailey and McCarthy, Fort Dodge, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO and NEUMAN, JJ.

NEUMAN, Justice.

Plaintiff Lynn Ayala proved to a jury's satisfaction that she suffered sexual harassment in her employment with defendants Center Line, Inc. and Hiram Walker and the jury compensated her with a $13,500 verdict. Following trial, plaintiff's counsel moved for an award of attorney fees and costs, items of recovery sought as part of plaintiff's civil rights action and authorized under Iowa Code section 601A.15(8)(a)(8) (1983). Defendants resisted the motion, arguing that plaintiff was not entitled to prevail on her claim for attorney fees because her proof had not been submitted for the jury's determination along with proof of other damages. The district court agreed with defendants and denied the motion.

On plaintiff's appeal from the district court's ruling, our review is limited to correction of errors at law. Iowa R.App.P. 4. Because we find the district court misinterpreted section 601A.15(8)(a)(8), we reverse and remand for further proceedings.

The issue, simply put, is this: In a civil rights action commenced under Iowa Code chapter 601A, at what stage of the proceedings should an award of attorney fees be adjudicated and by whom?

I. We note at the outset that plaintiff filed her petition in district court, accompanied by a jury demand, upon receipt of an administrative release granted by the Iowa Civil Rights Commission in accordance with Iowa Code section 601A.16. Section 601A.16(5) empowers the district court to "grant any relief ... which is authorized by section 601A.15, subsection 8." The parties' controversy centers on section 601A.15(8) which states, in pertinent part:

> If upon taking into consideration all of the evidence at a hearing, the commission determines that the respondent has engaged in a discriminatory or unfair practice, the commission shall state its findings of fact and conclusions of law and shall ... take the necessary remedial action as in the judgment of the commission will carry out the purposes of this chapter.
>
> ....
>
> a. For the purposes of this subsection and pursuant to the provisions of this chapter "remedial action" includes but is not limited to the following:
>
> ....
>
> (8) Payment to the complainant of damages for an injury caused by the discriminatory or unfair practice which damages shall include but are not limited to actual damages, court costs and reasonable attorney fees.

Plaintiff, whose jury demand was honored by the court, asserts that the statute is silent regarding the procedure by which attorney fees must be fixed under such circumstances. She therefore asserts that the legislative intent behind the statutory enactment must be examined, contending that the usual view of taxing attorney fees as court costs should prevail. Defendants take an opposite view, arguing that no statutory interpretation is necessary. They claim that under the clear language of the statute, actual damages include attorney fees, determinable by the trier of fact no matter whether by commission, court or jury.

We faced a nearly identical controversy in *Maday v. Elview-Stewart Sys., Co.,* 324 N.W.2d 467 (Iowa 1982). There the question of awarding attorney fees arose in the context of Iowa Code chapter 91A, the Wage Payment Act. Having determined preliminarily that the language authorizing an award of attorney fees for violation of the act was silent as to how those fees were to be ascertained, we interpreted a legislative intent to place that responsibility with the judge rather than jury. *Id.* at 469–70. Given the limited circumstances in which a party is entitled to recover for the expense of litigation, *see id.* at 469, we sided with those authorities treating statutory allowance of attorney fees as a court cost logically assessable by the court. *Id.* We reasoned that the logic of such a legislative scheme stems from (1) the presumed expertise of courts in matters of attorney fees, (2) the inordinate waste of time and expense which would be required to educate lay jurors on those matters about which the court is presumed expert and (3) the unacceptable expense and delay of bifurcating trials in order to separate issues of liability from lawyer skill and preparedness. *See id.* at 470. In sum, we concluded that a jury trial to determine attorney fees would be more burdensome and expensive than if the same determination were made by the court. *Id.*

Equally persuasive considerations compel our avoidance of such an impractical result in the case before us. The complainant in a chapter 601A case bears an onerous burden in proving the existence of a civil rights violation. *See Frank v. American Freight Sys., Inc.,* 398 N.W.2d 797, 800 (Iowa 1987). Only upon a finding that an employer has engaged in a discriminatory practice are attorney fees recoverable. Iowa Code § 601A.15(8)(a)(8). The reason for awarding attorney fees in such a case is to ensure that private citizens can afford to pursue the legal actions necessary to advance the public interest vindicated by the policies of civil rights acts. *See Newman v. Piggie Park Enterprises,* 390 U.S. 400, 401–02, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263, 1265–66 (1968). Contrary to defendants' assertion that the language of section 601A.15(8)(a)(8) casts attorney fees under the umbrella category of damages, we are persuaded that such fees are separate and distinct from the underlying civil rights violation and are incurred only to remedy the harm already done.

Viewed from this perspective, an award of attorney fees is more in the nature of an equitable remedy than an award of actual damages. We have recognized that the purpose of awarding actual damages in a civil rights case "is to place the injured party in the position he or she would have been had there been no injury." *Foods, Inc. v. Iowa Civil Rights Comm'n,* 318 N.W.2d 162, 171 (Iowa 1982). But our civil rights statute also recognizes that damage awards are not always adequate or appropriate to redress the injury and that an equitable remedy may furnish the most suitable relief. *See* Iowa Code § 601A.15(8).

To the extent that a reasonable attorney fee may greatly exceed the actual damages suffered in a civil rights case, it is likely that proof of such a disparity would unfairly affect the jury's determination of whether a discriminatory practice has been proved. Such a prejudicial impact would be contrary to the expressed legislative intent that chapter 601A be construed broadly to effectuate its purposes. Iowa Code § 601A.18.

To avoid this unjust result, federal civil rights statutes prescribe essentially

the same procedure for awarding attorney fees that we adopted in *Maday*. *See* 42 U.S.C. § 1988 (1982); *Knighton v. Watkins,* 616 F.2d 795, 797 (5th Cir.1980); *Franzen v. Deere,* 409 N.W.2d 672, 675–676 (Iowa 1987); *Blessum v. Howard County Bd. of Supervisors,* 295 N.W.2d 836, 846 (Iowa 1980). Guided by this authority we are persuaded that when a civil rights case is tried to a jury, a sensible and logical construction of section 601A.15(8)(a)(8) requires that the issue of reasonable attorney fees be reserved for the court.

II. The assessment of attorney fees, like the assessment of court costs, cannot be done until liability has been established. *Maday,* 324 N.W.2d at 470. Our prior cases make it clear that an evidentiary hearing on what constitutes reasonable attorney fees must be held. *See Rouse v. Iowa Dep't of Transp.* 408 N.W.2d 767 (Iowa 1987); *Maday,* 324 N.W.2d at 470; *First Northwestern Nat'l Bank v. Crouch,* 287 N.W.2d 151, 154 (Iowa 1980). To the extent that plaintiff is entitled to an award of attorney fees for her litigation expense before the trial court, she is likewise entitled to an award of fees necessitated by this appeal. *Crouch,* 287 N.W.2d at 154; *Blessum,* 295 N.W.2d at 846. This case is therefore remanded to the district court for hearing on plaintiff's motion for attorney fees and costs, at the district court level and on appeal.

REVERSED AND REMANDED.