Phyllis J. SCHEELER, Appellee/Cross–Appellant,

v.

CRANE COMPANY, a foreign corporation; and Roy L. Still, Appellants/Cross–Appellees.

Nos. 93–1740, 93–1949, 93–1876 and 93–2161.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1993.

Decided April 4, 1994.

Lawrence C. Cohen, Chicago, IL, argued (Lawrence M. Cohen, Marty Denis and Tamra S. Domeyer on the brief), for appellants/cross-appellees.

Thomas D. Hobart, Iowa City, IA, argued (Thomas D. Hobart and William J. Sueppel, on the brief), for appellee/cross-appellant of Iowa City, Iowa.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, JOHN R. GIBSON,* Senior Circuit Judge, and WOODS,** District Judge.

* The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed.

** The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

HENRY WOODS, District Judge.

■ The direct appeal in this case involves a single issue—the application of Rule 68 of the Federal Rules of Civil Procedure.[1] Plaintiff Phyllis Scheeler sued defendant Crane company for sexual harassment based on the conduct of its plant·manager, defendant Roy L. Still. The suit was originally filed in state court under the Iowa Civil Rights Act, Iowa Code Chapter 601A. Defendants removed to federal court since there was diversity jurisdiction. Prior to trial, defendants made an offer of $15,000 under the provisions of Rule 68 Fed.R.Civ.P. This offer was made, "in full and complete settlement of plaintiff's claims, including costs and attorney fees now accrued."

In trial of this cause,[2] the plaintiff was awarded judgment against the defendants in the amount of $12,500 "together with interest at the legal rate from May 7, 1990, when the complaint was filed and for the costs of this action."

The plaintiff filed a post-trial motion to enlarge the findings in the order that the judgment might include as taxable costs reasonable attorney fees. The motion was granted (Add. 18). The defendants contend that the trial judge committed error in granting this motion. We disagree and affirm on the direct appeal.

■ Whether attorney fees are considered as costs depends on the underlying statute which forms the basis of the cause of action. *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). The district judge held that the Supreme Court òf Iowa had ruled in *Ayala v. Center Line, Inc.*, 415 N.W.2d 603 (Iowa 1987) that attorneys fees are to be assessed as part of court costs under 601A.15(8)(a)(8). Appellants argue that the

district court erred in so ruling, and that costs do not include attorney fees.

Significant is the language of the Iowa Civil Rights Statute in Section 601A.15(8)(a)(8) which states that for such violation, "damages shall include but are not limited to actual damages, court costs and reasonable attorneys fees." In *Ayala*, the Supreme Court of Iowa likened such damages to those under the Iowa Wage Payment Act in which it "sided with those authorities treating statutory allowance of attorney fees as a court cost logically assessable by the court." *Id.* at 605. The *Ayala* Court relied on *Maday v. Elview–Stewart Systems Co.*, 324 N.W.2d 467 (1982), which held that when a statute provides for attorney fees the better rule is that "they are in the nature of costs and are taxable and treated as such." *Id.* at 469. The *Maday* Court found support for its conclusion in the grammatical structure of the statute, grouping attorney fees with costs, immediately following damages, an arrangement present in the statute before us. The court in *Maday* also found further support for its view that attorney fees are to be taxed as costs from *Hensen v. Hensen*, 212 Iowa 1226, 238 N.W. 83, 84 (1931). In *Ayala* and *Maday* the defendants had argued that the attorney fees should have been determined by the jury as part of damages. The holding of both cases is that attorney fees were to be affixed by the trial court.

Iowa courts thus have held that attorney fees are a part of court costs. Insofar as there is any doubt about the issue, it is not material to our decision. That is because, in the case before us, the offer of judgment was straightforward and was $15,000 for a full settlement of plaintiff's claims, including costs and attorney fees accrued.

---

1. Rule 68 Fed.R.Civ.P. reads in pertinent part: At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An

offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer.

2. This case was tried non-jury before the Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

On the date of the offer, the plaintiff had already incurred reasonable attorney fees in the sum of $3,500.00. Consequently, the offer of $15,000.00 did not exceed the total recovery. Plaintiff was entitled to recover $12,500.00 in damages plus $3,500.00 attorney fees. If the plaintiff had accepted the Rule 68 offer of judgment in February, 1991, she would have received $15,000.00. Out of this $15,000.00 she would have had to pay attorney fees and all other costs of this action. Clearly, the judgment finally obtained after trial was more favorable than the offer proposed by the appellants in February, 1991. If the plaintiff's payment of her own attorney fees was part of the Rule 68 offer, it is surely equitable that attorney fees be included as part of the recovery. This is the only way in which the offer can be fairly matched against the recovery.

Thus Scheeler would be entitled to her costs. She would be entitled to her attorney fees irrespective of whether they are considered part of costs, since attorney fees are specifically authorized by the Iowa Civil Rights State and could not be shifted by the offer under Rule 68.

*Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, is not to the contrary. There the offer was for a sum including accrued costs and attorneys fees. The parties agreed that $32,000.00 fairly represented allowable costs and attorney fees accrued before the offer of settlement, *Id.* at 4, 105 S.Ct. at 3014, and it was evident that the damages and pre-offer costs did not equal the offer. *Id.* at 7, 105 S.Ct. at 3015. As we have explained above, this is not the situation before us. In *O'Brien v. City of Greers Ferry,* 873 F.2d 1115 (8th Cir.1989), the offer made did not include costs and attorney fees.

■ Plaintiff has cross-appealed the court's reduction of attorney fees from a claim of $40,445.01 to $27,500.00. We find no abuse of discretion. Plaintiff's recovery, as the trial judge pointed out, is less favorable to her than the amount she sought to recover during the pre-trial and trial proceedings. *Hensley v. Eckerhart,* 461 U.S. 424, 430, 103 S.Ct. 1933, 1938, 76 L.Ed.2d 40 (1983). She failed on her claims for disability, emotional injury, pain and suffering, and punitive dam-

ages arising from her common law claims based on the theory of intentional infliction of emotional distress. The Court correctly considered these factors in the reduction of attorney fees. *Landals v. George A. Rolfes Co.,* 454 N.W.2d 891, 897 (Iowa 1990). We affirm on the cross appeal.

The judgment of the district court is in all respects affirmed.