Maloney v. Manning                        CV-94-519-M    12/12/96
                    UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEW HAMPSHIRE


Mary Ellen Maloney,
     Plaintiff,

     v.                                    Civil No. 94-519-M

Jennifer Manning,
     Defendant.


                            O R D E R


     Although defendant offered and plaintiff accepted judgment,

pursuant to Federal Rule of Civil Procedure 68, judgment has not

yet been entered.  The parties disagree as to whether the

judgment should or should not include awards of prejudgment and

postjudgment interest on the amount accepted under Rule 68.  Mary

Ellen Maloney, the plaintiff, has moved for an award of

prejudgment and postjudgment interest on that amount and

defendant objects.  For the reasons that follow, plaintiff's

motion is denied, and judgment in the amount offered and

accepted, as filed under Rule 68, shall be entered as of the date

of this order.

## BACKGROUND

Maloney filed this diversity suit on October 12, 1994, seeking compensation for injuries she received in a car accident allegedly caused by Manning. On September 6, 1996, and pursuant to Fed. R. Civ. P. 68, defendant served an offer of judgment on plaintiff, offering to have judgment taken against her "in the amount of $53,550 (which sum intends to include all costs now accrued)."[1]

At the final pretrial conference on September 16 (and before the time for accepting the offer expired), the parties' respective counsel debated whether plaintiff would be entitled to have interest added to the judgment amount offered. Defendant's counsel made it very clear at that conference that the offer of judgment was intended to describe the entire amount to be paid to plaintiff, and that plaintiff, in defense counsel's view, would not be entitled to any additional amount representing interest on the sum offered. Defense counsel also declared his intent to

_____

[1] The parties agree that the offer of judgment was served on plaintiff on September 6 although it was not filed with the court until September 9. For the reasons discussed infra, it is not relevant to this ruling, but the amount reflects defense counsel's calculation of a core damages figure ($50,000) and an interest amount ($3,550) under the applicable New Hampshire statute, albeit not for the full duration that plaintiff would consider appropriate.

moot the dispute, if necessary, by withdrawing defendant's offer of judgment if plaintiff's counsel really intended to accept the pending offer _and_ pursue an interest claim.  However, notwithstanding plaintiff's counsel's continued insistence that she expected to do exactly that, i.e. accept the offer as written and then file a motion seeking interest, the offer was not withdrawn.  Later that day, plaintiff's counsel hand-delivered her timely acceptance of defendant's offer of judgment, which acceptance unambiguously provided:

> You are hereby notified that Mary Ellen Maloney, the Plaintiff herein, hereby accepts the offer made by the Defendant in her OFFER OF JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 68 dated September 6, 1996, and served on September 6, 1996, by which the Defendant offered to allow judgment to be taken against her for $53,550.00.

Defendant thereupon forwarded a draft payable to plaintiff and her attorneys in the amount of $53,550.00.  Neither party filed the offer and acceptance with proof of service, as required by Rule 68, until much later, so judgment was not promptly entered as anticipated by the Rule.

On September 25, plaintiff filed her motion for an award of prejudgment and postjudgment interest, and defendant filed her timely objection.  Necessarily, both parties knowingly and willingly assumed the risk that the other's contrary legal

position relative to interest was correct, and both presumably decided to accept whatever ruling of law became final rather than take it upon themselves to clarify, withdraw, or reject the Rule 68 offer based on the known dispute over interest.

The parties then requested a conference with the court to discuss their relative positions on the issue. The conference was held on October 23, without a record, at the request of the parties. The parties agreed that the issue requiring decision related to plaintiff's legal entitlement to interest in addition to the amount offered under Rule 68, and that the parties were **not** seeking to prove or enforce any settlement agreement beyond the scope of Rule 68's application. Plaintiff filed a copy of her written acceptance of defendant's offer of judgment at that conference.

The court's denial of prejudgment and postjudgment interest is explained as follows.

## DISCUSSION

Rule 68 is silent on the subject of interest.[2]  However, plaintiff's request for postjudgment interest is easily resolved by reference to the provisions of 28 U.S.C.A. § 1961.  Section 1961 provides that interest on money judgments in federal courts is "calculated from the date of the entry of judgment" and "computed daily to the date of payment."  Because judgment has not been entered and because defendant represents without contradiction that she has tendered the amount of the offered judgment, plaintiff is not entitled to postjudgment interest pursuant to section 1961, and will not be entitled to it when judgment is entered, the entire amount due having already been paid.

---

Rule 68 provides, in pertinent part:
   At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgement to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.  If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. . . .  If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.  . . .

On the other hand, little guidance exists relative to awarding underline(pre)judgment interest[3] on a settlement amount accepted under Rule 68. The Court of Appeals for the Tenth Circuit, the only court that seems to have considered the question directly, has held that "a Rule 68 consent judgment for a sum certain must, absent indication otherwise, be deemed to _include_ pre-judgment interest." <u>Mock v. T.G. & Y. Stores Co.</u>, 971 F.2d 522, 527 (10th Cir. 1992) (emphasis added). In so concluding, the Tenth Circuit recognized that prejudgment interest is generally regarded as a component of compensatory damages, serving to compensate plaintiff for the delay experienced in recovering whatever damages are owed. <u>See</u> <u>Osterneck v. Ernst & Whinney</u>, 489 U.S. 169, 175-76 (1989).

---

It is undisputed that in this case, based as it is on diversity jurisdiction, state law provides the rule for prejudgment interest. <u>See</u> <u>Loft v. Lapidus</u>, 936 F.2d 633, 639 (1st Cir. 1991). Defendant contends initially that because the New Hampshire prejudgment interest statute does not provide specifically for interest on offers of judgment, plaintiff cannot claim interest here. <u>See</u> N.H. Rev. Stat. Ann. § 524:1-b. However, the New Hampshire Supreme Court has held, in an analogous situation, that an offer of settlement is presumed to include prejudgment interest as part of the defendant's legal liability, although settlements are also not specifically mentioned in the statute. <u>See</u> <u>Saltzman v. Town of Kinston</u>, 124 N.H. 515, 521 (1984). Therefore, it is reasonable to assume, by analogy, that prejudgment interest as provided in § 524:1-b is recoverable in this case under New Hampshire law. The issue remains, however, whether prejudgment interest should be added to, or be deemed already included in, a Rule 68 offer.

6

The Tenth Circuit's conclusion is at least inferentially supported by the Supreme Court's opinion in Marek v. Chesny, 473 U.S. 1 (1985). Noting that Rule 68 was designed to encourage settlements, the Court observed: "If defendants are not allowed to make lump-sum offers that would, if accepted, represent their total liability, they would understandably be reluctant to make settlement offers." Id., at 6-7. The precise issues in Marek were somewhat different (whether an offer that lumped defendants' proposal for damages with their proposal for costs was valid under Rule 68, and whether attorneys' fees allowed by statute are included in "costs" - the Court held it was and they were[4]) but the policies favoring predictability of result and settlement of litigation relied on by the Court are equally applicable here.

Other decisions might conceivably be read as implying, albeit very indirectly, that prejudgment interest is not included in an amount offered under Rule 68. See e.g. Marryshow v. Flynn, 986 F.2d 689 (4th Cir. 1993) (for cost-shifting purposes of Rule 68 the offered amount should be compared with the verdict, which

---

[4] "Accordingly, it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment not include costs, a timely offer will be valid." Marek, 473 U.S. at 6.

7

does not include prejudgment interest, thereby implying that the offered amount does not include interest); Scheeler v. Crane Co., 21 F.3d 791 (8th Cir. 1994) (compared verdict amount plus attorneys' fees accrued to the date of the offer to the offered amount [that included damages, costs and attorneys' fees], but did not seem to consider interest in the comparison although interest was awarded as part of the verdict). But, even though contrary inferences might be coaxed from these cost-shifting cases, the better rule is surely that described in the well-reasoned and on-point opinion in Mock, 971 F.2d at 527. An offer of judgment should mean what it says: defendant offers to have judgment entered for the amount specified, plus costs (which may include accrued "properly awardable" attorneys' fees under Marek, supra). Crossman v. Marcoccio, 806 F.2d 329, 333-34 (1st Cir.) cert. denied, 481 U.S. 1029 (1987).

Therefore, in this case, defendant's offer of judgment in the amount of $53,550, which specifically included costs, was a complete and valid offer under Rule 68. The offer's terms defined the limit of defendant's willingness to accept monetary liability to settle the case, and the offered amount included a compensatory damage amount for delay, or, prejudgment interest.

8

One other, related, issue requires discussion. The parties' disagreement about the effect of prejudgment interest might be seen as undermining the validity or enforceability of the offer and acceptance of judgment under Rule 68. Courts apply basic principles of contract law to construe offers and acceptances of judgment under Rule 68, <u>Radecki v. Amoco Oil Co.</u>, 858 F.2d 397, 400 (8th Cir. 1988), thus, whether these parties enforceably agreed on the entry of judgment depends on whether there was a meeting of the minds as to what was offered and what was accepted, <u>Johnson v. University of Ala. in Birmingham</u>, 706 F.2d 1205, 1209 (11th Cir.), <u>cert. denied</u>, 464 U.S. 994 (1983).

This case is in a somewhat unique posture. Defendant made "an offer of judgment in the amount of $53,550 (which sum intends to include all costs now accrued)." As discussed earlier, however, before plaintiff formally accepted the offer the parties disclosed and discussed their contradictory views as to plaintiff's legal entitlement to have prejudgment interest calculated based upon, and added to, the amount offered. Despite the known disagreement, defendant did not withdraw her offer, and, plaintiff knowingly accepted "the offer made by the Defendant in her OFFER OF JUDGMENT." Thus both parties objectively manifested their intent to resolve the lawsuit under

9

the terms as stated, each recognizing and accepting that the legal effect of those terms relative to prejudgment interest might be different from what they anticipated. Each assumed the risk of legal construction and elected to let the chips fall where they may; part of the agreement was, in effect, an acceptance of the mechanism of legal construction to settle the interest claim, rather than agreeing themselves upon its proper resolution.

The language used in the offer is clear and unambiguous. Cf. Boorstein v. City of New York, 107 F.R.D. 31, 34 (S.D.N.Y. 1985) (where language used in the offer made its terms unclear). The parties agreed, then, to the entry of judgment against defendant in the amount of $53,550 (which amount expressly included accrued costs) plus prejudgment interest if, but only if, applicable rules of law entitled plaintiff to prejudgment interest in addition to the offered amount under a proper construction of Rule 68 and the terms of the offer. Plaintiff is not entitled to prejudgment interest in addition to the offered amount under Rule 68 and the terms employed because, as a matter of law, the amount offered under Rule 68 included an amount as compensation for delay, or, for prejudgment interest.

10

## CONCLUSION

For the foregoing reasons, plaintiff's motion (document #31) is denied. Judgment shall be entered in favor of plaintiff in the amount of $53,550.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

December 12, 1996

cc:  Laurence E. Kelly, Esq.
     Douglas N. Steere, Esq.

11