SHEFFIELD SAVINGS BANK, Appellee,

v.

Karl KLAGES, Appellant.

No. 63066.

Supreme Court of Iowa.

June 18, 1980.

Roger L. Sutton, Charles City, for appellant.

Michael J. Cross, of Coonley & Coonley, Hampton, for appellee.

Considered by REES, P. J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

LARSON, Justice.

This case comes to us on discretionary review of the trial court's denial of a motion for change of venue. It presents the issue of whether the venue provision of the Iowa Consumer Credit Code, section 537.-5113, The Code 1977, provides the exclusive venue in actions by creditors arising from consumer credit transactions or whether it is merely cumulative of the general venue provisions of chapter 616. We hold that the venue provision of the I.C.C.C. is exclusive and reverse the trial court.

On September 14, 1976, Terry Thomas and Karl Klages, whose addresses were shown on the promissory note to be Swaledale and Charles City, entered into a loan transaction in the amount of $20,000 with Sheffield Savings Bank. The note provided for nine percent interest and was due on September 14, 1977. The note also provided that the debtor "promises to pay to the order of the above-named Lender (at Lender's Address) . . . ." The lower left-hand corner of the note contained these relevant provisions:

Over $5,000.00
PURPOSE OF CREDIT    Operating Expense & (Ext.)

THIS IS A CONSUMER CREDIT TRANSACTION

Next to these provisions were the signatures of the two debtors. The note was not paid on the due date, and on January 20, 1978, the bank sent a "Notice of Right to Cure Default" to "Karl Klages, R.F.D., Charles City Iowa." Partial payments were made in May and July, and the bank sued Klages for the remainder. Suit was brought in Franklin County, the county

where the bank is located. We judicially note that Charles City is in neighboring Floyd County; Swaledale is in Cerro Gordo County.

Before answer, Klages filed a motion for change of venue, relying on section 537.-5113:

An action by a creditor against a consumer arising from a consumer credit transaction shall be brought in the county of the consumer's residence as defined in section 537.1201, subsection 4, unless an action is brought to enforce an interest in land securing the consumer's obligation . . . . If the county of the consumer's residence has changed, the consumer upon motion may have the action removed to the county of his current residence. . . . If the initial papers offered for filing in the action on their face show noncompliance with this section, they shall not be accepted by the clerk of the court.

The debtor's residence is defined in subsection 537.1201(4) as

the address given by him as his residence in a writing signed by him in connection with a transaction until he notifies the person extending credit of a different address as his residence, and it is then the different address.

Klages also suggested that section 616.5, The Code ("Except as hereinafter provided, an action against a residence of this state must be brought in the county of his residence, or that in which the contract was to be performed . . . ."), and 616.17 ("Personal actions, unless otherwise provided, must be brought in a county in which some of the defendants actually reside . . . .") would require suit in the county of the defendant's residence.

The bank resisted the motion, relying on section 616.7: "When, by its terms a written contract is to be performed in any particular place, action for a breach thereof *may, except as otherwise provided*, be brought in the county wherein such place is situated." (Emphasis added.)

The motion was decided without hearing. The court noted that the motion was "based on the fact that the defendant is a resident of Floyd County," quoted that portion of section 537.5113 pertaining to change of residence and stated that "[t]here is no showing that the defendant's residence changed." The reason for the court's reliance upon that part of the section is unclear; there was no claim here of a change of residence. It then quoted section 616.7 and overruled the motion because "[t]he contract was performable in Sheffield, in Franklin County . . . ."

■ In holding that section 537.5113 prescribes the exclusive venue for an action involving a consumer credit transaction, we rely on familiar rules of statutory construction and the language of the venue provisions. Section 616.7 is a general provision which applies to any written contract; section 537.5113 applies to a specific type of written contract, a consumer credit transaction. Section 4.7, The Code, provides:

If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision.

These two venue provisions are reconcilable because of the very language of section 616.7: an action for breach of a written contract "may, except as otherwise provided, be brought in the county" of performance. The direction in section 537.5113 that an action "against a consumer arising from a consumer credit transaction shall be brought in the county of the consumer's residence" is just that sort of contrary provision. If these provisions could not be so reconciled, section 537.5113 would be considered exclusive because it is specific. A similar result would obtain under the rule of construction that the latest in date of irreconcilable statutes prevails. § 4.8.

The bank seeks to support the trial court's ruling by arguing that Klages failed to prove either his residency or the fact that the loan constitutes a consumer credit transaction. It relies on *Culligan Soft Water Service v. Berglund*, 259 Iowa 660,

145 N.W.2d 604 (1966). However, that case is inapposite. It involves a motion for change of venue based on Iowa R.Civ.P. 167(e), which allows a person sued in the county of performance of a written contract to change venue to the county of his residence if he pleads fraud in the inception of the contract as a complete defense. In that case the record was void of any evidence that the defendant's residence was other than the county where the suit was brought; in fact, the only evidence of his residence was the address he listed on a conditional sales agreement, which was in the county where the suit was brought.

The bank points out in support of its contention that Klages failed to establish that this was a consumer credit transaction that on the face of the note it states the loan is for "Operating Expense & (Ext.)." It contends that this makes it a business loan, not a consumer credit transaction, and thus outside the coverage of the I.C.C.C. *See* § 537.1301(15)(a)(3). However, there is no showing as to what type of "Operating Expense" is involved. If it is a household or agricultural operation, it would still be a consumer credit transaction.

*First Northwestern National Bank v. Crouch,* 287 N.W.2d 151 (Iowa 1980), concerned a loan which was not a consumer loan because it was not for "personal, family, household or agricultural purposes" as required by section 537.1301(15)(a)(3). The I.C.C.C. was nevertheless held to be applicable because the parties had contracted for it. In *First Northwestern National Bank* there was no issue as to the meaning of the words used; the only issue was to their legal effect. The case is thus distinguishable from the present case, in which the words "Operating Expense" might create some doubt as to the applicability of the statute. However, we cannot presume, as appellee suggests, that these words alone took the transaction out of the I.C.C.C., particularly, when other words used in the note, such as "THIS IS A CONSUMER TRANSACTION," are not ambiguous and point toward coverage. Moreover, the bank furnished the form; if it was not a consumer credit transaction, it should have furnished a note which said so. *See First Northwestern National Bank v. Crouch,* 287 N.W.2d at 153. Here, the bank not only furnished the form, it served a "notice to cure," which is a consumer credit procedure. *See* § 537.5110.

Under this record, for purposes of venue determination, we conclude the loan constitutes a consumer credit transaction. The bank does not resist Klages' assertion that his residence is in Floyd County, not Franklin. The change of venue to appellant's county of residence should therefore have been granted, and the district court erred in failing to do so.

These appellants have also requested that we allow fees for the district court and appellate court services rendered by their attorneys. Such fees are permitted by section 537.5201(8) upon a showing of a violation of the chapter. They are also allowed by Iowa R.Civ.P. 175(a) when an action has been commenced in the wrong county. However, as we pointed out in *First Northwestern National Bank,* this is more appropriately disposed of following a factual hearing. 287 N.W.2d at 154. We have no record upon which we may rule on that matter. The case should be reversed and remanded for further proceedings in accordance with this opinion, including an award for reasonable attorneys fees, including those for this appeal. *Id.*

REVERSED AND REMANDED.