(748 P.2d 903)

No. 60,594

FIRST NATIONAL BANK OF SHAWNEE MISSION, *Appellant,* v. JAMES V. HUNDLEY, *Appellee.*

Opinion filed January 21, 1988.

*Gregory J. Pappas*, of McDonald, Preston & Louk, of Overland Park, and *Eugene J. Twellman*, of Jackson, Dillard, Brouillette, Weisenfels & Phillips, P.C., of Kansas City, Missouri, for the appellant.

*Gregory M. Dennis* and *Carston C. Johannsen*, of Perry & Hamill, of Overland Park, for the appellee.

Before ABBOTT, C.J., ELLIOTT, J. and HARRY G. MILLER, District Judge Retired, assigned.

ELLIOTT, J.: First National Bank of Shawnee Mission (Bank) appeals the trial court's dismissal of its case and the award of attorney fees to James V. Hundley.

On July 23, 1981, James V. Hundley executed a promissory note to Bank in the amount of $16,244.96. The note was due on November 20, 1981, in a single payment. The instrument expressly subjected the loan to the Kansas Uniform Consumer Credit Code (UCCC).

On September 4, 1986, Bank notified Hundley in writing that the note had not been paid and that he should make arrangements to repay or renew the note. Bank attempted to notify Hundley again on September 22, 1986, in a letter sent by certified mail, return receipt requested. The letter was, however, returned unclaimed. Neither notice contained any reference to the 20-day right to cure provisions in K.S.A. 16a-5-111.

After Hundley failed to make any payment on the loan, Bank filed a petition on October 8, 1986. Hundley's answer, filed November 7, 1986, claimed that Bank's failure to provide him with a 20-day right to cure notice, pursuant to K.S.A. 16a-5-110 and K.S.A. 16a-5-111, precluded it from recovering. Hundley further claimed that this violation entitled him to an award of attorney fees pursuant to K.S.A. 16a-5-201(8).'

On December 18, 1986, Hundley filed a motion for judgment on the pleadings or, in the alternative, to dismiss for failure to comply with the statute. The trial court, after hearing argument and reviewing the record, sustained Hundley's motion and dismissed the case without prejudice. In addition, the trial court awarded Hundley $750.00 in attorney fees pursuant to K.S.A. 16a-5-201(8).

Bank appeals both decisions. Hundley cross-appeals, claiming the trial court erred in granting only $750.00 in attorney fees instead of the requested amount of $2,094.85.

Bank contends that the trial court erred when it held that Bank had to provide Hundley with a 20-day right to cure notice under the UCCC. There is no question that the UCCC applies in this case.

K.S.A. 16a-5-110(1) states:

"After a consumer has been in default for ten (10) days for failure to make a required payment in *a consumer credit transaction payable in installments,* a creditor may give the consumer the notice described in this section. A creditor gives notice to the consumer under this section when he delivers the notice to the consumer or delivers or mails the notice to the address of the consumer's residence . . . ." (Emphasis added.)

K.S.A. 16a-5-111(2) provides:

"[A]fter a default consisting only of the consumer's failure to make a required payment in *a consumer credit transaction payable in installments,* a creditor may neither accelerate maturity of the unpaid balance of the obligation nor take possession of collateral because of that default until twenty (20) days after a notice of the consumer's right to cure (section 16a-5-110) is given. Until twenty (20) days after the notice is given, the consumer may cure all defaults consisting of a failure to make the required payment by tendering the amount of all unpaid sums due at the time of the tender, without acceleration, plus any unpaid delinquency or deferral charges. Cure restores the consumer to his rights under the agreement as though the defaults had not occurred." (Emphasis added.)

The crucial phrase in these two subsections is "payable in installments." The legislature has provided a definition in K.S.A. 1987 Supp. 16a-1-301(27), which states:

" 'Payable in installments' means that payment is required or permitted by agreement to be made in . . . (c) two or more periodic payments with respect to a debt arising from a consumer loan."

The consumer transaction in the present case simply does not fit within the definition of "payable in installments." The note was to be paid back in a single payment. Because the transaction does not involve an installment contract, the requirements in K.S.A. 16a-5-110(1) and K.S.A. 16a-5-111(2) are not triggered.

Defendant's reliance on *First Northwestern Nat. Bank v. Crouch*, 287 N.W.2d 151 (Iowa 1980), is simply misplaced. While the Iowa Supreme Court required the creditor to give a 20-day cure notice even when the consumer loan was to be paid back in a single installment, the Iowa version of the UCCC does not contain the limiting language describing a consumer loan transaction *payable in installments*. See Iowa Code §§ 537.5109, 537.5110 (1987).

Defendant also argues that because the parties voluntarily subjected the present transaction to the provisions of the UCCC, Bank should have to bear the burden of the right to cure notice, as well as enjoying the benefit of a higher interest rate. Defendant is entitled to whatever protection the UCCC provides, but he is *not* entitled to more than the statute offers.

In summary, we hold that a 20-day right to cure is not required as a condition precedent to the filing of a petition to collect on a consumer loan transaction calling for a single payment or installment. See generally Murray, *Summary Repossession, Replevin & Foreclosure of Security Interests*, 46 J.K.B.A. 93 (1977).

Concluding that Bank was not required to give Hundley notice of a right to cure necessarily vacates the trial court's award of attorney fees under K.S.A. 16a-5-201(8). Consequently, we need not address the issues raised by Hundley on cross-appeal.

The judgment is reversed and remanded to the trial court for further proceedings.