# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2332
_____

Flora Loomis; Brian Loomis

*Plaintiffs - Appellants*

v.

Wing Enterprises, Inc., doing business as Little Giant Ladder

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: April 14, 2014
Filed: June 26, 2014
_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.
_____

BYE, Circuit Judge.

Flora Loomis suffered injuries while using a Little Giant Ladder. She and her husband, Brian, brought a products liability action against the ladder's manufacturer, Wing Enterprises, Inc. After excluding all of Flora's expert testimony, the district

court[1] determined the Loomises had insufficient evidence to prove their various theories of products liability and granted Wing's motion for summary judgment. The Loomises appeal claiming the district court abused its discretion when it excluded evidence of one set of tests performed by their expert. We affirm.

I

On November 27, 2010, Flora Loomis was using a Little Giant Ladder to string Christmas lights on the front of her house above her driveway. The Little Giant is a telescoping step ladder that can be set in a number of configurations. Before hanging the Christmas lights, Flora and Brian configured the ladder in an "A-Frame" configuration with the ladder's steps set two positions below maximum height. Flora then climbed the ladder to begin hanging the lights. After completing one section of lights, Flora pushed the ladder several feet across the driveway and climbed it again to continue hanging lights. While reaching to hang the lights, she fell from the ladder and injured her left foot.

The Loomises filed suit against Wing alleging Flora's injuries were the result of the defective and unreasonably dangerous design and manufacturing of the ladder. They retained an expert, Professor Douglas Smith, P.E., Ph.D., who performed a number of tests on the ladder and prepared reports setting forth his conclusions about the ladder's allegedly dangerous characteristics. As relevant to the limited issue raised on appeal, Dr. Smith performed one set of tests the parties refer to as the compression tests. The purpose of the compression tests was to determine whether – by pushing the ladder across the driveway – Flora could have compressed the ladder's legs together in a way that caused tension, or stored energy, in the legs. Dr. Smith theorized this stored energy made the ladder unstable because the legs could shift

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

-2-

suddenly when the stored energy was released while someone climbed the ladder. To perform the compression tests, Dr. Smith lifted up the rear of the ladder by tipping it backwards in a way that would compress the front and rear sections when it came to rest. Dr. Smith then pushed the front of the ladder several inches toward the rear in order to further compress the ladder. These acts had to be performed carefully and deliberately to prevent the ladder from "kicking out" immediately. Dr. Smith then climbed the ladder and intentionally jerked his weight back to force the ladder's legs to shift. Dr. Smith weighed 205 pounds at the time of his compression tests. Flora Loomis weighed 140 pounds at the time of the accident.

Wing filed a motion in limine seeking to exclude Dr. Smith's compression tests and the opinions related to those tests. Wing also filed a motion for summary judgment. The district court excluded Dr. Smith's testimony regarding the compression tests on the grounds there was no connection between the methodology used to conduct the compression tests and the events that occurred on the day of the accident. The district court compared Dr. Smith's conduct in compressing the ladder with Flora's testimony about how she pushed the ladder across the driveway in a straight line. The district court determined Dr. Smith's conduct did not comport with the events on the day of the accident. The district court then determined the "compression test is inadmissible because Plaintiffs have not presented sufficient evidence for a jury to find that, at the time of Flora Loomis's accident, the ladder was compressed in the manner Dr. Smith stressed it for this test."

After excluding Dr. Smith's testimony, the district court granted Wing's motion for summary judgment and denied a motion for reconsideration brought by the Loomises. This timely appeal followed. On appeal, the Loomises contend the exclusion of the compression tests on the ground they were not conducted under conditions substantially similar to those surrounding the accident improperly shifted the burden to them to exclude all possibilities of another cause of Flora's injuries.

## II

We review the district court's grant of summary judgment de novo. Stein v. Chase Home Finance, LLC, 662 F.3d 976, 979 (8th Cir. 2011). We review the district court's exclusion of expert testimony for an abuse of discretion. Sappington v. Skyjack, Inc., 512 F.3d 440, 448 (8th Cir. 2008).

The Loomises argue the district court abused its discretion when it excluded the compression tests on the ground they were not were not conducted under conditions substantially similar to those surrounding the accident. In so arguing, however, the Loomises acknowledge Dr. Smith's compression tests were conducted in a manner which purposely "exaggerated to an extreme" the conditions which would cause the ladder's legs to shift, and that Dr. Smith "endeavored to draw the bow string as taut as possible by compressing the ladder legs to a point where the back and front sections were as close as they could possibly be in order to infuse the ladder with as much energy as possible." Appellant's Brief at 38. They also acknowledge Dr. Smith "very carefully climbed the ladder making sure that the rear feet did not break away (i.e., kick out) until he had reached the top of the ladder, a place where a climber would be in greatest danger." Id. at 39. "Then, at that point he intentionally shifted his (205-pound) weight backwards, simultaneously jerking on the ladder, doing so for no other purpose than to cause the ladder's legs to kick out." Id.

In contrast, Flora did not push the ladder across her driveway in an exaggerated manner. Nor did she tip the ladder back and forth in order to compress the legs together as close as possible. Flora testified she pushed the ladder across the driveway in a straight line. In addition, there was no evidence Flora initially climbed the ladder very carefully until she had reached the top. Nor did Flora intentionally shift her (140-pound) weight backwards while simultaneously jerking on the ladder.

Under these circumstances, we conclude the district court did not abuse its discretion in excluding evidence of the compression tests on the grounds the tests were not conducted under conditions substantially similar to those surrounding the accident. "It is settled law that evidence of experimental tests is inadmissible absent a foundational showing that the tests were conducted under conditions substantially similar to those surrounding the incident at issue." Cowens v. Siemens-Elema AB, 837 F.2d 817, 820 (8th Cir. 1988); see also Dunn v. Nexgrill Indus., Inc., 636 F.3d 1049, 1055 (8th Cir. 2011) (concluding a district court did not abuse its discretion in excluding an expert's tests regarding an allegedly defective gas grill where the expert had rigged the grill's propane hose in an "unnatural position" for the testing). Because the Loomises did not satisfy this foundational showing for Dr. Smith's compression tests, the district court was well within its discretion in excluding evidence of the testing.

Furthermore, because the Loomises had no admissible expert testimony to support their various theories of products liability, we also conclude the district court did not err in granting Wing's motion for summary judgment.

III

We affirm the district court.

_____