# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2164

_____

Avnet, Inc.

*Plaintiff - Appellee*

v.

Catalyst Resource Group, LLC

*Defendant*

David A. Wild

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 11, 2015
Filed: July 2, 2015

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

BYE, Circuit Judge.

David Wild appeals the district court's[1] determination that a personal guaranty he executed as security for a loan could be enforced by the original creditor's assignee under Iowa law.  We affirm.

I

David Wild is the sole member of a limited liability company called Braveheart Equity Holdings, LLC (Braveheart).  Braveheart, in turn, is one of two members of another limited liability company called Catalyst Resources Group, LLC (Catalyst). In 2008, Catalyst borrowed $500,000 from Laurus Technologies, Inc. (Laurus).  Wild signed a personal guaranty as security for Catalyst's loan.  In relevant part, the personal guaranty provides as follows:  "The undersigned [does] hereby personally guarantee . . . to Laurus Technologies, Inc, the Holder, full complete and timely performance by the Borrower [Catalyst], of all obligations of the Borrower under the foregoing Promissory Note."  The personal guaranty did not expressly extend Wild's promise to Laurus's "successors and assigns," but it also did not expressly prohibit assignment of the guaranty.

Several years after making the loan, Laurus assigned the Catalyst promissory note to a company called Avnet, Inc., as part of a forbearance agreement on a debt Laurus owed to Avnet.  After the assignment, an attorney for Avnet contacted Catalyst demanding payment of the $500,000 loan plus interest.  When Catalyst did not make any payments on the loan, Avnet's attorney contacted Wild and demanded that he honor his personal guaranty.

---

[1]The Honorable John Stuart Scoles, Chief Magistrate Judge for the Northern District of Iowa, presiding with the consent of the parties pursuant to 28 U.S.C. § 636(c).

When Wild did not honor his personal guaranty, Avnet filed a complaint in federal district court against both Catalyst and Wild. Avnet sought a judgment against Catalyst on the promissory note and a judgment against Wild on his personal guaranty. Catalyst did not respond to the suit, and eventually a default judgment was entered against the company in the amount of $770,065.80 (representing both the original $500,000 loan as well as accrued interest), plus post-judgment interest. Wild did respond to the suit. He contended his guaranty was a "special guaranty" (one directed solely to a specific creditor) rather than a "general guaranty" because it was only directed to Laurus. Wild further contended a special guaranty could not be assigned under Iowa law, and could only be enforced by the original creditor.

Avnet filed a motion for summary judgment. The disputed issue was whether the Iowa Supreme Court would follow the common law rule under which a special guaranty is not enforceable by a creditor's assignee, or would follow the rule set forth in the Restatement (Third) of Suretyship and Guaranty § 13 which generally allows a creditor's assignee to enforce a guaranty even if it would have traditionally been considered a special guaranty under the common law. After a thorough examination of Iowa law, the district court determined the Iowa Supreme Court would adopt § 13. The district court further held none of § 13's exceptions applied in this case. The district court therefore concluded Avnet could enforce Wild's personal guaranty and granted summary judgment in Avnet's favor. Wild filed this timely appeal.

II

We review the district court's grant of summary judgment de novo. Loomis v. Wing Enters., Inc., 756 F.3d 632, 634 (8th Cir. 2014). The parties agree Iowa substantive law applies in this diversity case. See Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Because the issue before us has not been decided by the Iowa courts, "[w]e must predict how the Iowa Supreme Court would rule, and we follow decisions of the intermediate state court when they are the best evidence of Iowa law."

Amera-Seiki Corp. v. Cincinnati Ins. Co., 721 F.3d 582, 585 (8th Cir. 2013) (internal alterations omitted).

Wild relies upon the common law rule and contends Avnet could not enforce his personal guaranty because he executed it only in favor of Laurus, the original creditor. See, e.g., New Holland, Inc. v. Trunk, 579 So. 2d 215, 217 (Fla. Dist. Ct. App. 1991) ("A 'special' guaranty is one addressed to a particular entity and under it ordinarily only the named or specifically described promisee acquires rights."); Flying J, Inc. v. Booth, 773 P.2d 144, 146-49 (Wyo. 1989) (concluding the "common law approach" prohibits the assignment of a special guaranty which refers "to only one creditor such as a particular person, firm, or corporation").

Avnet counters that the modern rule generally permits the assignment of a personal guaranty irrespective of whether it would have been considered a special guaranty under the common law. This rule is set forth in the Restatement (Third) of Suretyship and Guaranty § 13. The Restatement does not distinguish between the assignment of special or general guaranties, but instead recognizes any guaranty can be assigned unless:

> (a) the substitution of a right of the assignee for the right of the obligee would materially change the duty of the secondary obligor or materially increase the burden or risk imposed on it by its contract; or
>
> (b) the assignment is forbidden by statute or is otherwise ineffective as a matter of public policy; or
>
> (c) the assignment is validly precluded by contract.

Restatement (Third) of Suretyship and Guaranty § 13(1) (1996). Avnet further contends the Iowa courts would adopt § 13 because they have adopted other sections of the Restatement. See, e.g., Hills Bank & Trust Co. v. Converse, 772 N.W.2d 764,

772 (Iowa 2009) (adopting § 22 of the Restatement (Third) of Suretyship and Guaranty); <u>Gallagher, Langlas & Gallagher v. Burco</u>, 587 N.W.2d 615, 618 (Iowa Ct. App. 1998) (adopting § 11 of the Restatement (Third) of Suretyship and Guaranty). Avnet argues it should be allowed to enforce Wild's personal guaranty unless one of the three specifically enumerated exceptions listed under § 13 of the Restatement applies.

After reviewing the relevant Iowa case law, which has not specifically addressed whether a special guaranty may be assigned,[2] we conclude the Iowa Supreme Court would adopt the modern rule set forth in § 13 if faced with the issue.[3]

---

[2]<u>See, e.g.</u>, <u>Schoonover v. Osborne</u>, 79 N.W. 263, 264 (Iowa 1899) (noting "the courts have usually held that a guaranty addressed to a particular party can only be acted upon and enforced by that party"); <u>Williamson Heater Co. v. Whitmer</u>, 183 N.W. 404, 405 (Iowa 1921) (generally recognizing the common law distinction between a special and general guaranty); <u>Andrew v. Austin</u>, 232 N.W. 79, 81 (Iowa 1930) ("The same rule is to be applied in the construction of contracts of guaranty as other contracts."); <u>Fid. Sav. Bank v. Wormhoudt Lumber Co.</u>, 104 N.W.2d 462, 466 (Iowa 1960) (generally recognizing "that a guarantor is discharged from his obligation by any act on the part of the guarantee which increases the guarantor's risk or in any manner injures his rights or remedies"); <u>Union Trust & Sav. Bank v. State Bank</u>, 188 N.W.2d 300, 302 (Iowa 1971) (addressing whether a special guaranty is continuing in nature).

[3]The Iowa Code generally provides as follows:

[A]ll instruments by which the maker promises to pay another, without words of negotiability, a sum of money . . . are assignable by endorsement on the instrument, or by other writing. The assignee . . . has a right of action on them in the assignee's own name, subject to any defense or counterclaim which the maker or debtor had against an assignor of the instrument before notice of the assignment.

Iowa Code § 539.1.

The Iowa Supreme Court has long recognized that, "like every other contract [a personal guaranty] must receive a reasonable and sensible construction, according to the intent of the parties as read in the light of the circumstances surrounding the transaction, and the purposes for which it was made." Harman v. Hartman, 160 N.W. 295, 297 (Iowa 1916). Significantly, "[n]o different rule obtains in construing [personal guaranties] than [other contracts], save that when the terms of a guaranty are once ascertained the liability of the guarantor is not to be extended by implication." Id.; see also Andrew v. Austin, 232 N.W. 79, 81 (Iowa 1930) (indicating contracts of guaranty are subject to the same rules of construction as other contracts).

This well-established principle of Iowa law – that the same rules of construction generally applicable to contracts apply equally to personal guaranties – is the very premise upon which § 13 is based. See Restatement (Third) of Suretyship and Guaranty § 13, cmt. a (noting § 13 abolished the historical common law rule distinguishing special guaranties from general guaranties because the secondary obligations arising from a guaranty should be "subject to general contract principles concerning assignment"). For this reason, as well as the fact that the Iowa courts have adopted other sections of the Restatement (Third) of Suretyship and Guaranty, we believe the Iowa Supreme Court would also adopt § 13.

We further conclude that none of the three exceptions listed in § 13 apply here. First, the assignment from Laurus to Avnet did not materially change Wild's duties under the guaranty, or materially increase the burden or risk imposed upon him. Before the assignment, Wild was bound by the guaranty to repay the loan should Catalyst fail to do so. After the assignment, Wild had the same obligation to repay

---

This statute appears to govern the circumstances involved in this case, but its applicability was not addressed by the parties in the district court or on appeal. Without adversarial briefing on the issue, we decline to decide at this time whether § 539.1 is dispositive, and would permit the assignment of Wild's personal guaranty.

the loan should Catalyst fail to do so. The assignment thus did not extend Wild's liability "by implication" or otherwise. Harman, 160 N.W. at 297. We reject Wild's contention the assignment increased his risk because Laurus was a "friendly creditor" (i.e., the close personal relationship between the principals of Catalyst and Laurus caused Laurus not to exercise its rights). Wild asserts this increase in risk is proven by the fact that Avnet promptly demanded payment of the loan once it received the assignment. Wild's duties to both the original creditor and the assignee remained the same, however, with the only difference being whether the holder of the promissory note elected to exercise its own rights. See Restatement (Third) of Suretyship and Guaranty § 13(3) ("[T]he possibility that the assignee might exercise its rights under the assigned obligation differently than the assignor does not in itself materially change the duty of the secondary obligor or materially increase the burden or risk imposed on it by its contract.").

Second, the assignment between Laurus and Avnet was not forbidden by statute or otherwise ineffective as a matter of public policy. Indeed, Wild does not contend otherwise.

Finally, the assignment was not precluded by the original contract. Although the guaranty referred specifically to Laurus, it also referred to Laurus as "the Holder" of the note, and thus inferred the guaranty inured to the benefit of the party holding the note. More significantly, the personal guaranty did not expressly state it was not assignable. Wild contends the guaranty was ambiguous because it did not expressly state it *could be* assigned, and it was his intention that the guaranty not be assigned. We disagree the guaranty was ambiguous. Even if it were, however, the ambiguity would be strictly construed against Wild as the drafter (via his attorney) of the guaranty. See Iowa Fuel & Minerals, Inc. v. Iowa State Bd. of Regents, 471 N.W.2d 859, 863 (Iowa 1991) ("[W]hen there are ambiguities in a contract, they are strictly construed against the drafter."). In addition, Wild's undisclosed intentions are immaterial because the guaranty itself contains no language clearly identifying to a

-7-

potential assignee that the note and guaranty were not assignable. See First Nw. Nat'l Bank v. Crouch, 287 N.W.2d 151, 153 (Iowa 1980) ("The intention expressed in the instrument prevails over the secret intention of the drafter."); Waechter v. Aluminum Co. of Am., 454 N.W.2d 565, 568 (Iowa 1990) ("In searching for [the parties' mutual] intention, we look to what the parties did and said, rather than to some secret, undisclosed intention they may have had in mind, or which occurred to them later.").

Because we believe the Iowa Supreme Court would adopt § 13 of the Restatement (Third) of Suretyship and Guaranty, and none of the three exceptions listed under § 13 apply in this case, the district court did not err in granting summary judgment in favor of Avnet.[4]

III

We affirm the judgment of the district court.

_____

---

[4]With respect to the other issues raised by Wild on appeal, we affirm for the reasons stated by the district court. See 8th Cir. R. 47B.