STATE of Iowa ex rel. Thomas J. MILLER, Attorney General of Iowa, Appellant,

v.

FIBERLITE INTERNATIONAL, INC.; Ted Menard, Individually and in his Corporate Capacity; and Sterling Ray, Individually and in his Corporate Capacity, Appellees.

No. 90–1479.

Supreme Court of Iowa.

Oct. 16, 1991.

Bonnie J. Campbell, Atty. Gen., and Ray Johnson, Asst. Atty. Gen., for appellant.

Jack Dusthimer of Carlin, Hellstrom & Bittner, Davenport, for appellees.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO and SNELL, JJ.

CARTER, Justice.

In this appeal, the State *ex relatione* the attorney general challenges the district court's refusal to award attorney fees and investigative costs following consumer fraud litigation in which the State prevailed. The basis for this claim is the provision for recovery of attorney fees and investigation costs contained in Iowa Code section 714.16(11) (1989). The district court refused to award attorney fees and investigation costs under this statute because (a) the State had not offered evidence concerning these costs and fees during the trial on the merits, and (b) the court believed that an award of fees under section 714.16(11) was discretionary and defendants appeared to be without financial means to make payment of same.

Upon considering the arguments of the parties, we reverse the judgment of the district court and remand the case to that court for an order awarding to the attorney general a sum of money representing the State's reasonable attorney fees and investigative costs.

I. *Facts and Proceedings.*

Defendant Fiberlite International, Inc. (Fiberlite) is a Colorado corporation that operates fiber optic trade schools. In the fall of 1987, Fiberlite employed defendant Sterling Ray to start a fiber-optics school in the Quad Cities area for laid off Caterpillar Tractor workers. Ray was president and general manager of Fiberlite.

Ray advertised the school in Iowa and collected six $1000 checks from Iowa consumers to hold their place in the class. However, no fiber-optics school was ever started and no refunds were given. Ray cashed four of the checks, depositing at least one of the checks in his personal bank account.

The State *ex relatione* the attorney general brought an action against Ray, Fiberlite, and defendant Ted Menard, an employee of Fiberlite, alleging violations of Iowa Code chapter 82 (door-to-door sales), section 714.16 (consumer frauds), section 714.17 (unlawful advertising and selling courses of instruction), and section 714.18 (evidence of financial responsibility). Defendants Menard and Fiberlite were defaulted by the district court, and the action proceeded to trial against Ray. The district court found the defendants had violated all but section 714.17.

The State, pursuant to section 714.16(11), requested attorney fees at the end of the trial. The district court denied the request because the State failed to present any proof on fees during the trial. Two weeks after the court's ruling, the State filed an application for investigation and litigation fees and a motion to modify findings and conclusions. The State asked for attorney fees and investigation fees of $15,218.30. The district court again denied the application for fees holding that attorney fees are awarded at the discretion of the court. The court ruled the requested fees are beyond the ability of the defendants to pay and denied the award.

II. *The Legal Issue.*

Iowa Code section 714.16(11) provides:

In an action brought under this section, the attorney general is entitled to recover costs of the court action and any investigation which may have been conducted, including reasonable attorneys' fees, for the use of this state.

We believe that the attorney general, in seeking to recover reasonable attorney fees and investigative costs under this statute, is entitled to wait until the merits of the claim have been resolved before presenting evidence of reasonable attorney fees and investigative costs incurred in pursuing the case. *See Ayala v. Center Line, Inc.*, 415 N.W.2d 603, 606 (Iowa 1987); *Maday v. Elview–Stewart Sys. Co.*, 324 N.W.2d 467, 470 (Iowa 1982). We believe the district court erred in denying the request for attorney fees and investigation costs based on a failure to offer evidence of these expenses during the trial.

In its alternative ruling that it had discretion to deny an award for attorney fees and costs, the district court relied on *Sheer Construction, Inc. v. W. Hodgman & Sons, Inc.*, 326 N.W.2d 328 (Iowa 1982) (a public project lien foreclosure action), and *In re Marriage of Scherrman*, 447 N.W.2d 564 (Iowa App.1987) (a dissolution-of-marriage action). The statute upon which the attorney-fee claim in *Sheer Construction* was based was Iowa Code section 573.21. That statute provided: "The court may tax, as costs, a reasonable attorney fee in favor of any claimant for labor or material who has, in whole or in part, established his claim." The litigants in the *Sheer* case conceded that an award of attorney fees under this statute was discretionary. *See Sheer*, 326 N.W.2d at 334. Consequently, we do not find the *Sheer* case to be persuasive on this issue.

We also disagree that the policies which favor trial court discretion in awarding attorney fees in dissolution-of-marriage cases apply here. Attorney fees incurred in litigating a marriage dissolution action are part and parcel of the parties' total economic profile that the court must attempt to balance in an equitable manner. This endeavor necessarily requires a broad discretion.

In determining whether a claim for attorney fees and investigative costs under section 714.16(11) is mandatory or discretionary, we need go no further than the language of the act. It provides that "the attorney general is entitled to recover" investigative costs and reasonable attorney fees. We believe it was the intent of the legislature to make these fees and costs an element of the State's recovery in a successful consumer fraud action. It is not a punitive sanction to be imposed or withheld depending upon the defendant's peculiar financial circumstances.

Based on our conclusions, we reverse the judgment of the district court and remand the matter to that court for determination of the reasonable attorney fees and investigative costs incurred by the State in successfully prosecuting this consumer fraud action. The resulting judgment for these fees and costs shall be joint and several against all defendants.

REVERSED AND REMANDED.