# IN THE COURT OF APPEALS OF IOWA

No. 16-1365
Filed September 27, 2017

**STATE OF IOWA ex rel.,**
**THOMAS J. MILLER, Attorney General of Iowa,**
    Applicant-Appellee,

**vs.**

**AWAKENED, INC., JOSHUA WEBER, and HEATHER WEBER,**
    Respondents-Appellants.
_____

Appeal from the Iowa District Court for Polk County, David N. May, Judge.


Awakened, Inc. and its owners, Joshua Weber and Heather Weber, appeal a district court order granting the State's application to enforce a consumer fraud subpoena, awarding the State investigation costs and attorney fees, and enjoining the operation of a private massage school. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**


Judith M. O'Donohoe of Elwood, O'Donohoe, Braun, & White, L.L.P., Charles City, for appellants.

Thomas J. Miller, Attorney General, and Max M. Miller, Assistant Attorney General, for appellee.


Heard by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Awakened, Inc., doing business as East West Massage School, a private massage-therapy school, and its owners, Joshua Weber and Heather Weber (collectively referred to as "East West"), appeal a district court order granting the State's application to enforce a consumer fraud subpoena, awarding the State investigation costs and attorney fees, and enjoining the operation of the school. East West argues the district court erred in (1) awarding the State investigation costs and attorney fees because the proceeding to enforce the subpoena was not an action for an actual violation of the Consumer Fraud Act (CFA) and (2) enjoining the school's operation because it was simply concerned about student privacy and the injunction was not necessary to obtain compliance.[1]

I. **Background Facts and Proceedings**

East West provides massage-therapy instruction to individuals seeking to obtain a massage-therapy license in the State of Iowa. *See* Iowa Code § 152C.5 (2015) (prohibiting unlicensed individuals from practicing massage therapy). In October 2015, the Iowa Attorney General's Office received a complaint from a former East West student alleging, among other things, the school engaged in "deceitful advertising" on its website and the school's student handbook informed students all tuition was non-refundable, potential violations of Iowa law. *See id.* §§ 714.16(2)(a), 714.23. The Attorney General's Office forwarded the complaint

---

[1] East West also initially argued on appeal that the district court erred in enforcing the subpoena because the requested records were entitled to a privacy protection absent special notice to its students and some of the records requested were unrelated to any act of consumer fraud under the CFA. East West conceded at oral arguments, however, that the district court's enforcement of the subpoena was appropriate. We therefore consider this issue moot and do not consider it on appeal. *See, e.g.*, *Baker v. City of Iowa City*, 750 N.W.2d 93, 97 (Iowa 2008).

to Mr. Weber, who submitted a response on East West's behalf. In March 2016, the Attorney General issued a subpoena pursuant to the CFA, Iowa Code section 714.16, requesting that East West provide documentation reflecting the following: (1) identification of all students who attended the school during a certain timeframe; (2) documentation concerning the enrollment of any such student, including but not limited to enrollment applications and contracts; (3) copies of all student handbooks in effect during a certain timeframe; (4) all documents in student financial files including payment plans, loan documents, and ledger cards reflecting all charges to and payments from students; and (5) information relating to the business and its owners. Ultimately, East West declined to comply with two of the State's requests, and the State filed an application to enforce the subpoena and requested the district court to, among other things, enforce the subpoena as it relates to request numbers two and four concerning enrollment and financial information of students; enjoin the school from advertising and providing further services to consumers; and award the State investigation costs and attorney fees for its efforts. *See id.* § 714.16(6), (11). In its application, the State noted its suspicion that East West engaged in, was engaging in, or was about to engage in violations of the CFA and the Iowa Consumer Credit Code (CCC), found in Iowa Code chapter 537 and in order to further investigate the conduct, it issued the subpoena under the authority of the CFA. The State subsequently filed an affidavit of attorney fees and investigation costs, forwarding a total claim of $12,150.

Following a hearing, the district court entered a written order requiring East West's compliance with the subpoena within fourteen days, enjoining the

school from advertising or providing services to consumers thereafter until full compliance, and awarding attorney fees and investigation costs to the State in the amount of $3000.[2]  East West moved for a stay of the payment of fees and the injunction pending appeal.  The court granted the motion to stay, and East West appealed.

## II.    Award of Attorney Fees and Investigation Costs

East West argues the district court erred in awarding the State investigation costs and attorney fees because the proceeding to enforce the subpoena was not an action for an actual violation of the CFA.  *See id.* § 714.16(11).  The State argues the subpoena-enforcement action was "an action brought under" the CFA and, as such, an award of fees and costs was mandatory.  Because our analysis primarily turns on statutory interpretation, our review is for legal error.  *See DuTrac Cmty. Credit Union v. Hefel*, 893 N.W.2d 282, 289 (Iowa 2017).

The CFA provides: "In an *action* brought under this section, the attorney general is entitled to recover costs of the court action and any investigation which may have been conducted, including reasonable attorneys' fees, for the use of this state."  Iowa Code § 714.16(11) (emphasis added).  Such an award of costs and fees is mandatory as "an element of the State's recovery in a *successful* consumer fraud *action*."  *State ex rel. Miller v. Fiberlite Int'l, Inc.*, 476 N.W.2d 46, 48 (Iowa 1991) (emphasis added).  The issue before us, one of first impression, is whether the State's filing of an application to enforce a subpoena under section

---

[2] Due to East West's partial compliance with the subpoena, the court did not award the State the full amount requested.

714.16(6) amounts to an "action" under section 714.16(11), thus allowing an award of attorney fees and investigation costs when the State is successful in enforcement.

The State argues an application to enforce a subpoena is an independent "action" under the CFA and, as such, an independent award of costs and fees is mandatory. Iowa Code section 714.16(6) governs applications to enforce a subpoena while section 714.16(7) concerns "actions" relating to violations of the CFA. The two are distinct. An award of costs and fees is only appropriate "in a *successful* consumer fraud *action.*" *Id.* (emphasis added); *accord* Iowa Code § 714.16(11). The statute does not identify an application to enforce a subpoena as an "action." What is more, section 714.16(6) specifically provides the remedies the State is allowed to seek in such an application to enforce a subpoena—an award of attorney fees and investigation costs is not one of these remedies.

The State next relies on the following language from an Iowa Supreme Court case to support its assertion that attorney fees and investigation costs are awardable in relation to an application to enforce a consumer fraud subpoena: "[T]he attorney general, in seeking to recover reasonable attorney fees and investigation costs under [the CFA], is *entitled to wait* until the merits of the claim have been resolved before presenting evidence of reasonable attorney fees and investigative costs incurred in pursuing the case." *Fiberlite*, 476 N.W.2d at 47 (emphasis added). According to the State, the "entitled to wait" language means it does not have to wait for a successful completion of a consumer fraud action in order to pursue an award of investigation costs and attorney fees.

The State has taken the *Fiberlite* language upon which it relies out of context, and the procedural status of the case is clearly distinguishable. In *Fiberlite*, the State applied for an award of investigations costs and attorney fees "at the end of trial," after the district court concluded the defendants had engaged in violations of the CFA. *Id.* "The district court denied the request because the State failed to present any proof of fees during the trial." *Id.* On appeal, our supreme court implied that the State could have submitted evidence of fees and costs in its case-in-chief, but it was "entitled to wait" until after a trial on the merits is actually completed "before presenting evidence of reasonable attorney fees and investigative costs incurred in pursuing the case." *Id.* There is nothing in *Fiberlite* that supports the State's argument that attorney fees and costs can be recovered in a pretrial proceeding, nor that there could be recovery when no action has been commenced alleging a CFA violation has occurred.

Based on our review of the statute and *Fiberlite*, we conclude a subpoena enforcement proceeding is not an independent "action" under the CFA. As such, the award of investigation costs and attorney fees was not permissible at this stage of the attorney general's investigation. We reverse the award provision of the district court order and remand for the entry of a corrected order.

**III.    Injunction**

East West argues the district court abused its discretion in enjoining the school's operation because it was simply concerned about student privacy and the injunction was not necessary to obtain compliance.[3] "Generally, our standard

---

[3] East West argues this issue is now moot, stating "the school complied with the subpoena," and "the records have been turned over." Although the injunction was

of review for the issuance of injunctions is de novo." *Max 100 L.C. v. Iowa Realty Co., Inc.*, 621 N.W2d 178, 180 (Iowa 2001). "Yet, the decision to issue or refuse 'a temporary injunction rests largely [within] the sound discretion of the trial court.'" *Id.* (alteration in original) (quoting *Kent Prods., Inc. v. Hoegh*, 61 N.W.2d 711, 714 (Iowa 1953)). Thus, we review the district court's imposition of the injunction in this case for an abuse of discretion. *See id.*; *State ex rel. Miller v. Publishers Clearing House, Inc.*, 633 N.W.2d 732, 736 (Iowa 2001). Temporary injunctions may be imposed "[i]n any case specially authorized by statute." Iowa R. Civ. P. 1.1502(3). East West does not challenge the district court's statutory authority to impose an injunction. *See* Iowa Code § 714.16(6)(a). Instead it argues "there is no indication that an injunction was necessary to obtain compliance from the school," and only "a court order clarifying the situation" was required.

The district court ordered East West to be in full compliance with the subpoena within fourteen days of its order. The injunction would only become effective if, after the fourteen days, East West failed to comply with the subpoena and the court order. The record reveals East West resisted providing enrollment and financial records pertaining to its students throughout its exchanges with the State. The conditional injunction was an appropriate method of compelling East West to comply with the subpoena, and the court generously allowed East West

---

stayed pending appeal, there is no indication in the record that East West has applied to the district court for a lift of the injunction, as was required by the initial order imposing the injunction. East West additionally conceded at oral arguments that the injunction is merely stayed pending appeal and has not been lifted. Because the district court has not lifted the injunction, this issue is not moot.

a grace period to turn over the documents.  We find no abuse of discretion in the district court's imposition of the conditional injunction.

**IV.    Conclusion**

We conclude the district court did not abuse its discretion in imposing a conditional injunction.  However, because we conclude the award of attorney fees and investigation costs was premature, we reverse the same and remand for the entry of a corrected order.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**